PER CURIAM.
This is an appeal by the plaintiff Richard Thompson from an adverse declaratory judgment entered in a PIP insurance coverage case. The plaintiff was attempting to cross the street in Lee County, Florida, when he was struck by a motorist who had PIP insurance coverage with the defendant Allstate Insurance Company; the plaintiff is a nonresident of Florida who was not himself covered by PIP insurance. The trial court ruled that the plaintiff was not entitled to collect PIP coverage benefits from the motorist’s insurer [Allstate] under Section 627.736(4)(d)(4), Florida Statutes (1987). The plaintiff agrees but contends the statute is unconstitutional. We find no merit in this contention and affirm.
The fatal flaw in the plaintiff’s entire constitutional analysis is that it presupposes that the nonresident pedestrian plaintiff, who admittedly cannot collect PIP benefits, has been left without a viable remedy for the injuries he sustained and thus has been substantially harmed by the above statute. This is not the case, however, as the nonresident plaintiff pedestrian is free to sue and collect damages for negligence against the tort-feasor motorist without being required to meet a no-fault threshold; indeed, if anything, the tort remedy afforded to the nonresident is financially more substantial than the PIP remedy afforded to a resident. There being no cognizable constitutional harm visited upon the plaintiff by the subject statute, we conclude that the said statute cannot possibly be said to be unconstitutional as being a denial of due process, equal protection, or privileges and immunities; nor can it be said to be an undue burden on interstate travel. See Clements v. Fashing, 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515-16 (1982); Pike v. Bruce Church, Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174, 178 (1970); Toomer v. Witsell, 334 U.S. 385, 396, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460, 1471 (1948); Lasky v. State Farm Ins. Co., 296 So.2d 9, 15-18 (Fla.1974).
AFFIRMED.